# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| LAURA LEE SORSBY | )    Case No. 15-20052-01,02<br>) |
| and | )<br>) |
| NAGY SHEHATA, | )<br>) |
| Defendants. | ) |

### DEFENDANTS LAURA LEE SORSBY AND NAGY SHEHATA'S
### JOINT MOTION IN LIMINE
### REGARDING VICTIM IMPACT TESTIMONY

**COMES NOW** Defendant Laura Lee Sorsby and Defendant Nagy Shehata), by and through their undersigned counsel, and hereby moves the Court to bar any testimony regarding the magnituce or effect of the loss of money on the alleged victim in this matter for the following reasons and on the following legal authority.

### BACKGROUND

The United States's Superseding Indictment ("Indictment") alleges the applicability of 18 U.S.C. § 1343 to actions or conduct of Defendants Laura Lee Sorsby ("Sorsby") and Nagy Shehata ("Shehata"), collectively, the "Defendants". The conduct recited in the Indictment involved an alleged fraud of a Turkish citizen through the use of a domestic (United States) wire. The alleged victim of the purported wire fraud is a Turkish citizen who resided, to the best knowledge and belief of the Defendants, in Istanbul, Turkey during the entirety of the events the United States claim represent the Defendants' violation of 18 U.S.C. § 1343. This person will be referred to herein as the Alleged Victim.

The gravamen of the indictment is that Sorsby and Shehata, with intent to defraud the Alleged Victim, solicited him, through personal contacts and the use of domestic wires to invest in a venture expected to cost €1,000,000,000. The venture was described as an offer to participate in

"private placement investment opportunit[ies]." The Alleged Victim was told that this investment program would finance construction projects in Turkey or in Syria

The Alleged Victim was to invest approximately €6,000,000 in the investment program which, in turn would collateralize a construction loan to the venture from a bank in Belgium. The collateral for that loan was to be in the from of a so-called "SWIFT" issued by a bank in the Netherlands known as ABN-AMRO. Once the larger financing package was obtained (supported by the SWIFT), the Alleged Victim was to get have is "investment returned" with an attendant high rate of return. In short, the Alleged Victim was told that he would be making a short term investment that would more than double his investment. The construction loan was never made and none of the Alleged Victim's money was ever returned to him.

## ARGUMENT

Sorsby and Shehata concede that evidence of a victim's financial loss may be offered to prove intent to defraud. See, *United States v. Welch*, 327 F.3d 1081, 1104-05 (10th Cir. 2003). However, such evidence does not include testimony regarding matters as the non-financial effect of the loss on alleged victims, e.g., health effects or lost opportunities for children to go to college. See*, United States v. Copple*, 24 F.3d 535, 545 (3d Cir. 1994). That is because such evidence does nothing to prove a perpetrator's specific intent and is therefore irrelevant. See, Federal Rule of Evidence (" Fed.R.Evid.") 401 (defining relevance).

Assuming arguendo, that evidence of the Alleged Victim's lost opportunities or the impact of the loss of the money he sent to the Defendants is marginally relevant, any probative value from its admission in this case would be substantially outweighed by the likelihood of unfair prejudice arising from sympathy for the Alleged Victim or anger towards the defendants. See, Fed.R.Evid 403. This law of Tenth Circuit supports the Defendants' position on this issue.

*Copple* involved wire fraud charges as in the instant case. The court there found that " . . Because the requisite elements of the two statutes [mail fraud and wire fraud] are virtually identical, this court has held '[i]nterpretations of § 1341 are authoritative in interpreting parallel

language in § 1343.'" See, *United States v. Fishman*, 645 F.3d 1175, 1186 n.7 (10th Cir. 2011) quoting *United States v. Weiss*, 630 F.3d 1263, 1271 n.5 (10th Cir. 2010). The Copple court found that " . . . [P]roof of actual loss by the intended victims is not necessary [in a wire fraud case]" *id.* (citing *United States v. Kelley*, 929 F.2d 582, 585 (10th Cir. 1991); *United States v. King*, 860 F.2d 54, 55 (2d Cir. 1988).

In this case, in order to prove wire fraud against the Defendants, in violation of 18 U.S.C. § 1343, the United States must establish, beyond a reasonable doubt, that first, that there was a scheme or artifice to defraud or a scheme to obtain money or property by means of false pretenses, representations, or promises as alleged in the Indictment; that second, that the defendants knowingly and willfully participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with *specific intent to defraud*; third, that in execution or furtherance of that scheme, the Defendants used or caused the use of interstate wires as specified in the Indictment; and fourth, that the scheme employed false or fraudulent pretenses, representations, or promises that were material.

The issue of specific intent to defraud the Alleged Victim by the Defendants will be highly contested in this case. As this Court certainly undertands, fraudulent intent is difficult to prove with direct evidence. However, emotionally charged evidence such as the magnitude of the Alleged Victim's losses or the ostensibly purposes for the investment (building a hospital) cannot serve as a substitute for proof of a critical element of the charges brought against the Defendant. In *United States v. McVeigh*, 153 F.3d 1166, 1203 (10th Cir. 1998), the Tenth Circuit cited *Copple* with approval for the principle that victim-impact testimony regarding collateral effects of financial losses on fraud victims was overly prejudicial because it "went beyond anything that was reasonable to prove" specific intent to defraud. (Citing *Copple*, 24 F.3d at 545-46).

Given these authorities, the probative value of evidence of the magnitude of the Alleged Victim's losse or that the losses involved particular purposes such as the construction of a hospital, is plainly and substantially outweighed by the danger of unfair prejudice to the

Defendants. See, e.g., *Copple*, 24 F.3d at 545-46; see also *United States v. Georgiou*, 2009 U.S. Dist. LEXIS 114729, at *16-18 (E.D. Pa. Dec. 7, 2009).

## CONCLUSION

For the foregoing reasons and on the foregoing legal authority, the Indictment as it relates to the wire fraud charges against both Defendant Sorsby and Defendant Shehata should be dismissed in their entirety.

Respectfully Submitted,

THE SESSION LAW FIRM, PC

/s/ William T. Session
William T. Session #70629
420 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: 816-842-4949
Fax: 816-842-1815
William@session.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2016, this pleading was filed electronically with the clerk of the court through the CM/ECF system which provided service of this pleading upon all parties of record.

/s/ William T. Session