1                      UNITED STATES DISTRICT COURT
                          DISTRICT OF KANSAS
2

UNITED STATES OF AMERICA,          Docket No. 15-20052-CM
3
    Plaintiff,                     Kansas City, Kansas
4                                  Date: 4/18/18
     v.
5

LAURA LEE SORSBY,
6
    Defendant.
7   ...................

8                           TRANSCRIPT OF
                           MOTION HEARING
9              BEFORE THE HONORABLE CARLOS MURGUIA,
                  UNITED STATES DISTRICT JUDGE.
10

APPEARANCES:
11

For the Plaintiff:        Chris Oakley
12                        Asst US Attorney
                          360 US Courthouse
13                        500 State Avenue
                          Kansas City, KS  66101
14

For the Defendant:        Shazzie Naseem
15                        Berkowitz Oliver, LLP
                          2600 Grand Blvd
16                        Suite 1200
                          Kansas City, MO  64108
17

Court Reporter:           Nancy Moroney Wiss, CSR, RMR, FCRR
18                        Official Court Reporter
                          558 US Courthouse
19                        500 State Avenue
                          Kansas City, KS  66101
20

Proceedings recorded by machine shorthand, transcript
21  produced by computer-aided transcription.

22

23

24

25

1        THE COURT:  Let the record show we're here regarding

2    Case Number 15-20052-02.  It's a case entitled United States of

3    America versus Laura Lee Sorsby.  The parties states their

4    appearances.

5        MR. OAKLEY:  May it please the court, the United

6    States appears by Chris Oakley.

7        MR. NASEEM:  May it please the court, Your Honor,

8    Shazzie Naseem appearing on behalf of Laura Lee Sorsby who is

9    present and not in custody.

10       THE COURT:  Thank you.  Miss Sorsby, we're here, the

11   court had scheduled a motions hearing to address a number of

12   pending motions that had been filed in your case.  That was the

13   purpose of your court appearance this morning.  Before I get

14   started, was there anything from counsel?

15       MR. NASEEM:  Your Honor, perhaps I can address the

16   court before we get started, and maybe the necessity of

17   continuing would not be necessary actually if -- if the court

18   entertains what I'm about to say.  So first, let me go through

19   a number of different factors which I believe make having a

20   motion hearing today premature and also reasons for why we are

21   seeking a trial continuance in this matter.  First, Your Honor,

22   there is additional discovery and investigation work that must

23   be completed before trial can commence in this matter.  I've

24   had multiple discussions with Miss Sorsby, and she has

25   requested that I obtain documents and evidence from overseas

1  sources.  This information may include various architectural

2  plans, zoning and development schematics, flight manifestos

3  from airlines, banking documents from Turkish banks, various

4  information about Turkish bank accounts, invoices and possible

5  computer and other e-discovery matters from an office located

6  in Turkey.  Miss Sorsby frequently traveled to Turkey for

7  business, and even had a business partner located in Turkey who

8  dealt with Doctor Haifawi during the time period in question.

9  Doctor Haifawi, of course, is one of the alleged victims in

10  this particular conspiracy.  The details of that particular

11  business partner's involvement needs to be further developed

12  since there is not much in the way of discovery that addresses

13  this additional party.  Miss Sorsby seeks time to gather this

14  defense evidence for use at trial, and does not believe that

15  that can occur before the May 29th setting, nor can it occur

16  prior to the motions hearing today.  Given the second -- given

17  the possibility that exculpatory and mitigating evidence may

18  exist from overseas locations, counsel will need to explore

19  additional resources for defense of the case which may include

20  the following; an investigator to assist with the acquisition

21  of evidence, a translator for any communication with possible

22  defense witnesses and explanation of those documents, possible

23  overseas travel to conduct depositions and witness interviews,

24  the identification and possible engagement of an international

25  banking expert for use at trial, and counsel may seek

1    additional funding for the use of a paralegal, and electronic

2    resources to assist with the review and production of discovery

3    items.  Because of the potential scope of the case, counsel

4    also anticipates the necessity of working with the local CJA

5    panel coordinator and the Tenth Circuit case budgeting attorney

6    to establish budgeting parameters related to further

7    investigations and trial in this matter.  Counsel and Miss

8    Sorsby do not believe that this can be accomplished prior to

9    the currently scheduled trial.  Third, after some additional

10   research, counsel has only recently become aware of the fact

11   that there are vehicles for obtaining discovery from overseas

12   sources, and in particular, the MLAT which counsel attached in

13   the motion for a continuance of the trial.  After that

14   research, it appears that Turkey does have such an agreement

15   with the United States for counsel, with specific allowances

16   for defense counsel to obtain discovery objectives it seeks.

17   Obviously, those need to occur in coordination with the

18   government in some instances, and Miss Sorsby has asked that I

19   undertake further steps to develop her case utilizing the

20   provisions of this international treaty.  The case involving

21   the foreign national victim in US Federal Court is not a common

22   experience, and certainly not one that I've had experience to

23   deal with before.  So, I -- I as her attorney need additional

24   time to determine what must be done to obtain documents and

25   evidence for Miss Sorsby's defense, and to the extent it would

1    create efficiency to work with the government on obtaining that

2    evidence, I'd like the opportunity to do so.  Fourth, this

3    additional evidence -- there is additional evidence that has to

4    be reviewed, and the government recently notified us that

5    Google overproduced e-mail evidence in response to a subpoena

6    request for e-mails related to a key defendant, George Shehata.

7    So, to their credit, they notified us that there were some

8    additional things that may not be pertinent, but that they

9    wanted to notify us about for review, and I appreciate that.

10   And the initial request for the government's subpoena only

11   sought e-mails from roughly 2010.  However, Google, in response

12   to the subpoena, produced e-mails for the co-defendant's gmail

13   account that dated back to 2006.  The defense is aware through

14   discovery that Mr. Shehata who is the co-defendant in this case

15   has been the focus of a government investigation since 2006,

16   and those e-mails may be pertinent to defense strategy for

17   Miss Sorsby at trial, and at a minimum, it may provide relevant

18   cross-examination evidence should Mr. Shehata testify against

19   Miss Sorsby in this case.  It may also provide additional lines

20   of inquiry relevant to the defense, even though I understand

21   the government's position is that they may not be pertinent to

22   this particular case.  Miss Sorsby has requested the

23   opportunity to review that evidence in advance of trial, and in

24   advance of proceeding with any pretrial motion hearing.  We do

25   not have that evidence yet, but are working with the government

1   to obtain those additional e-mails for our review, and we do

2   not anticipate being able to complete that work prior to trial.

3   Additionally, Your Honor, fifth reason, my case load in 2018

4   has not really provided me with a full opportunity to explore

5   many of the options for additional discovery review and follow

6   up on the issues that I've mentioned here.  I have several

7   matters which have required frequent out of town travel,

8   witness preparation issues and responses to various grand jury

9   productions for two separate federal districts.  So, some of

10  the delay in this case in being able to follow up on those

11  items rests solely with me and the schedule that I've had this

12  year for 2018, and should not be attributed to Miss Sorsby.

13  The parties, though, Your Honor, have not let this case lie

14  idle.  The parties have been diligent in trying to work out a

15  resolution that did not involve trial.  Both sides have

16  discussed -- engaged in discussions, including a half day

17  meeting at the US Attorney's office in February to discuss the

18  case and possible agreement for resolution.  Subsequent

19  discussions and exchanges on the matter following that meeting

20  did not result in a mutually acceptable agreement, but it

21  wasn't for a lack of effort on both sides.  And so, sometimes

22  things just don't work out the way you think they should, and

23  that's why trial exists as an option.  The seventh reason, Your

24  Honor, is that we are looking at possibly using a deposition in

25  this case, which is also unusual, to depose one of the victims

1    in the case.  We are coordinating with the government on that.

2    Details probably need to be hammered out as time moves forward,

3    but as defense believes and Miss Sorsby believes, that would be

4    a very valuable opportunity to further evaluate the case and

5    further determine whether trial is necessary, and that is not

6    going to take place in advance of the trial setting, and in an

7    opportunity to digest that information, analyze it, and

8    determine what steps are next before the May 29th setting, and

9    obviously not before today.  So, given the above reasons, Your

10   Honor, proceeding with the pretrial motions hearing today this

11   morning would be premature since both Miss Sorsby and counsel

12   believes that additional evidence must be further developed,

13   gathered, and reviewed before the issues which are the subject

14   of the pretrial motions can be properly and fully addressed.

15   The same is true for the current trial setting of May 29th.  We

16   are asking for a continuance of both the pretrial motions

17   hearing and the trial setting.  We ask the court to set the

18   matter over for status for 90 days, or possibly 60, at which

19   point we'll have had a chance hopefully to engage in a

20   deposition, and which can -- at which point counsel will have

21   the chance and opportunity to follow up on the issues that I've

22   raised above.  As a matter of record, too, Your Honor, and --

23   and possibly the court is aware of this all ready, but -- and

24   maybe was going to rule on this, but withdrawal of Document 39

25   as moot, which is the motion to sever.  Mr. Shehata has all

1  ready entered a plea, and so, the only one proceeding to trial

2  right now is Miss Sorsby.  So, that -- that needs to be

3  withdrawn as moot, and we've withdrawn that document as a moot

4  document.  Thank you, Your Honor.

5       THE COURT:  Response from the government, and

6  specifically regarding to, again, the purpose of our hearing

7  today?

8       MR. OAKLEY:  Your Honor, the government objects to the

9  defendant's motion to continue the trial.  This case has been

10 pending; it's been more than two years since her initial

11 appearance.  I appreciate and understand the defendant's right

12 to attempt to obtain evidence in support of her defense.  The

13 problem that I have, Your Honor, is that it's taken so long,

14 and I don't fault Mr. Naseem, because apparently it was the --

15 the defendant who has recently raised this.  Mr. Naseem is the

16 third attorney that's entered his appearance in this case, and

17 the defendant had also retained an attorney prior to indictment

18 to represent her.  My concern, Your Honor, is that the

19 defendant is attempting to stall the trial in an effort to gain

20 advantage.  The victim in this case, Doctor Haifawi, is in his

21 late seventies.  I think the defendant, to be blunt, is trying

22 to -- to extend this far enough so that Doctor Haifawi would

23 not be available to testify.  We have made arrangements,

24 anticipating the trial setting that -- that the parties agreed

25 to and the court set for May 29th, have arranged for his travel

1    to the United States.  He is not a citizen of the United

2    States, but he has voluntarily agreed to appear.  We've made

3    those arrangements at the United States' expense, and he has

4    agreed to appear.  The -- Mr. Naseem referenced a deposition,

5    and Your Honor, I want to be clear.  The government filed a

6    motion to depose Doctor Haifawi last night, and if the court is

7    inclined to grant the continuance, I would ask that the court

8    authorize the deposition.  I think that would mitigate the

9    concern that I have, obviously.  That would be one way to

10   ensure that Doctor Haifawi's testimony is secured and preserved

11   to present at trial in this matter.  Mr. Naseem presents that

12   as a discovery tool, and to be blunt, to be frank, under

13   Rule 15, that's not a discovery tool.  That would be a way to

14   secure his -- the victim Doctor Haifawi's testimony in case he

15   is unable to appear whenever the court sets this matter for

16   trial.  Like I said, I agree and appreciate the defendant has a

17   right to attempt to obtain evidence that she would like to

18   present in her defense.  Frankly, based upon my review of the

19   case, I'm skeptical as to what she seeks even exists, but she

20   does have that right.  The fact that this evidence is not in

21   the United States presents problems, because as the defendant

22   -- as counsel acknowledges, it may require the use of an MLAT

23   which based on my experience is not a quick process, Your

24   Honor.  But another basis that the -- that Mr. Naseem cites is

25   a reference to an overproduction from Google, and I want to be

1   clear to the court, what happened was Magistrate Judge O'Hara

2   authorized a search warrant for a co-defendant, Nagi Shehata's

3   gmail account, and the date that was authorized began some time

4   in 2010.  The FBI executed and served the warrant on Google.

5   In response, they overproduced.  They produced e-mails that had

6   occurred prior to the date that was authorized by the

7   magistrate.  With the magistrate's approval, what the FBI did

8   and was directed to do is they had a -- an agent not assigned

9   to the case go through and segregate any e-mail that was not in

10  response, that was not authorized under the search warrant.

11  Those were secured, those were maintained, those were placed in

12  a -- in a -- my understanding is in an evidence vault, and were

13  never accessed.  So, those e-mails are unlikely to be relevant

14  to -- well, certainly are irrelevant to anything related to

15  this defendant.  It's my understanding that -- that prior to

16  2010, that she had no interactions with Mr. Shehata who had the

17  e-mail account, but regardless, the government, because they

18  were outside the scope of the search warrant, has never

19  reviewed those.  So, I think that if -- I don't think they're

20  relevant.  If defense counsel has some reason to -- to think

21  otherwise, I think that's something that would have to be taken

22  up at a later time, but certainly, that in and of itself is not

23  justification to -- to continue this trial that's currently

24  set.

25              THE COURT:  Do you have anything else?

1          MR. NASEEM:  No, Your Honor.

2          THE COURT:  Miss Sorsby, we scheduled a motions

3     hearing today to address some motions that have been pending,

4     and quite frankly, pending for quite some time in your case.

5     So, that's why we're here.  That's why we're here and what was

6     scheduled for the court to address.  There's been a motion, I

7     guess an oral motion, there's nothing filed in regards to

8     continuing this hearing, but your attorney, Mr. Naseem, has

9     made an oral motion to continue our motions hearing as well as

10    to continue the -- the jury trial that's all ready scheduled as

11    you know at the end of May.  So, the court's going to take

12    what's been presented here first in this manner.  The court has

13    set a number of hearing dates regarding your motions, and I'll

14    go over those in a moment.  In regards to the oral motion to

15    continue our motion hearing, I appreciate Mr. Naseem arguing on

16    your behalf, which he has, and he's setting out some things

17    that the court -- he wants to make the court aware of on your

18    behalf.  I've considered what he's said, but I'm not going to

19    grant the oral motion to continue our motions hearing.  I

20    believe parties have had sufficient time to address these

21    motions that are pending.  It's possible that what Mr. Naseem

22    said, maybe that will be one of the considerations for the

23    motion to continue the jury trial, maybe, that what he's

24    bringing up in regards to the motions actually would be maybe

25    new motions that possibly -- possibly could be filed based on

1    what Mr. Naseem says that may take place, and again, may is the

2    word.  So, again, these have been pending for quite some time.

3    I understand, and Mr. Naseem is doing that for you, he's

4    advocating for you.  He's representing you in bringing these

5    things out and arguing that further things need to take place.

6    That's his role.  This court has an obligation to make sure

7    that the cases before it proceed accordingly, and in light of

8    the circumstances, and also the government's position in

9    regards to this as well, the court is going to at this time

10   again deny the oral motion to continue our motions hearing.

11   And so, what the court intends to do is actually address the

12   motions that are on file, and then at the end, take up

13   defendant's oral -- written motion to continue the jury trial.

14   And part of this, too, is the court doesn't believe that

15   there's any reason on especially some of these motions for any

16   evidence to be presented, unless counsel tells the court there

17   is going to be some evidence or further argument.  I'll take

18   these up one at a time, and also set out the following for the

19   record.  There are five motions that were filed some time ago,

20   and I'll identify them.  It's defendant's motion to dismiss,

21   which is Document 38, defendant's motion for severance, which

22   is Document 39, defendant's motion in limine regarding victim

23   impact testimony, which is Document 40, defendant's motion for

24   production of exculpatory evidence, material or documents,

25   which is Document 41, and defendant's motion for James hearing,

1    which is Document 42.  Since the motions were filed, defendant

2    Shehata pleaded guilty, and defendant Sorsby filed a motion to

3    amend documents, which is Document 75.  In that motion,

4    defendant Sorsby asks the court to strike the word, quote,

5    joint, end quote, from the titles of Documents 38, 40, and 42,

6    reflecting that they are only filed on behalf of defendant

7    Sorsby.  The court grants Document 75, and considers

8    Documents 38, 40, and 42 amended.  Mr. Naseem, you all ready

9    brought this out, but again, for the record, the court further

10   denies Document 39, which was the motion for severance, as moot

11   in light of defendant Shehata's guilty plea.  The court would

12   note that now, two more motions are pending, which is the

13   government's notice of intent to offer evidence pursuant to

14   Federal Rule of Evidence 902, Paragraph 11, 902, Paragraph 14,

15   and motion in limine to determine admissibility of the business

16   records, which is Document 77, and as I mentioned, defendant's

17   motion to continue the jury trial which is Document 83.  As

18   I've set out for the record, I do intend to rule on several of

19   the pending motions.  I don't believe there needs to be further

20   argument.  I don't believe there's any evidence that would be

21   necessary for the court to rule on these, but maybe if counsel

22   has addressed them, brings that up, you can argue otherwise,

23   and then I'll also take up motions for which argument or

24   further explanation may be beneficial.  First, defendant's

25   motion to dismiss, which is Document 38.  In this motion,

1   defendant argues that there are three reasons why the

2   indictment should be dismissed.  Number one, the conduct

3   underlying the charges took place extra-territorially; number

4   two, the indictment violates defendant's due process rights

5   because it fails to allege conduct with a sufficient nexus to

6   the United States; and three, the indictment fails to allege

7   conduct that gives rise to a criminal offense under United

8   States law.  The court has fully considered defendant's legal

9   arguments, but at this time denies the motion as premature.

10  The court believes that defendant's motion is more properly

11  raised after presentation of evidence at trial.  Resolution of

12  defendant's motion would require trial of the general issues

13  and determination of facts relating to the offending conduct's

14  connections with the United States.  Federal Rule of Criminal

15  Procedure 12 only allows pretrial resolution of motions that

16  can be determined without trial of the general issues.  The

17  court denies Document 38 without prejudice, subject to being

18  raised again at trial if appropriate.  Second, defendant's

19  motion in limine regarding victim impact testimony, which is

20  Document 40.  Here, defendant asks the court to exclude

21  evidence at trial of the non-financial effect of the loss on

22  the victim such as health effects or lost college

23  opportunities.  The government represents that it intends to

24  introduce the amount of money the victim lost as well as the

25  purported purpose of defendant's scheme which was to construct

1   a hospital and later a shopping mall, but the government does

2   not intend to introduce evidence of the non-financial effect of

3   loss on the victim such as health or missed college

4   opportunities.  The court determines that both the amount of

5   loss and the purported scheme are appropriate to introduce at

6   trial, but other impacts on the victim are not.  The court

7   denies Document 40.  Third, defendant's motion for production

8   of exculpatory evidence, material or documents, which is

9   Document 41.  In this motion, defendant asks for a number of

10  materials such as those required to be turned over pursuant to

11  Brady and Giglio that are all ready addressed by this court's

12  Pretrial Order Number 1 dated July 9th, 2015.  Defendant also

13  requests information, however, that is not required to be

14  produced, such as impeachment information concerning

15  individuals known to have knowledge of the facts of the case

16  but whom the government does not intend to call at trial.

17  There's no right to impeachment information of non-government

18  witnesses, and records of arrest as opposed to convictions are

19  not admissible under Federal Rules of Evidence 609.  The

20  government represents that it will or has produced the required

21  documents in accordance with the court's pretrial order.  That

22  order addressed the evidence that must be disclosed and the

23  time at which it must be disclosed.  The court expects the

24  government to continue to comply with the order, and at this

25  time denies Document 41.  If defendant believes there is

1  specific evidence the government has not properly disclosed or

2  should disclose under law not addressed by the pretrial order,

3  defendant may raise those issues specifically with the court

4  before trial.  Fourth, defendant's motion for James hearing,

5  Document 42.  The court determines that a James hearing is

6  appropriate under the circumstances, and will hold one before

7  trial.  The court expects to conduct this hearing at the

8  pretrial conference which is conducted most likely in the week

9  before the trial.  The court grants Document 42.  Fifth, the

10 court determines the government's motion in limine to determine

11 the admissibility of the business records, which is

12 Document 77.  The government asks the court to permit

13 admissions of business records without calling a records

14 custodian under Rule 902, Paragraph 11, as well as data copied

15 from electronic device, storage medium, or file under Rule 902,

16 Paragraph 14.  This is permitted so long as the government

17 gives defendant notice, and makes and records and certification

18 available for inspection -- and makes and records and

19 certification available for inspection.  Defendant did not

20 respond to this motion.  Does defendant oppose the motion?

21         MR. NASEEM:  No, Your Honor.

22         THE COURT:  With there being no opposition noted for

23 the record, again, the court grants the motion.  Now, the court

24 is at this time -- and I know you've all ready made, counsel,

25 some arguments regarding defendant's motion to continue the

1    jury trial, which was Document 83, and I'll consider what's all
2    ready been said.  I'm going to set the following out for the
3    record, because what I set out also had some bearing on the
4    court's decision to conduct its motion hearing today, and I do
5    this again, not with trying to indicate that the court does not
6    believe that counsel hasn't been making efforts on defendant's
7    behalf, but again, this -- this is our record.  Defendant asks
8    this court to order another continuance of the trial in this
9    case.  Counsel is defendant's third attorney, and was appointed
10   nearly a year ago on April 25th, 2017.  The case is designated
11   complex, but has been pending since 2015.  Defendant remains on
12   bond; as far as the court's aware, has been following all the
13   conditions of bond.  At current defendant counsel's request,
14   the court has all ready continued a number of deadlines,
15   hearings, and trial dates in this case.  Specifically, on
16   June 5th, 2017, the court granted defendant's oral motion to
17   continue the pretrial motions deadline and jury trial.  At that
18   time, the court extended the deadline to file pretrial motions
19   to July 31st, 2017, and set the trial for February 5th, 2018.
20   On August 10th, 2017, the court granted defendant's second
21   motion to continue the pretrial motions deadline to
22   August 31st, 2017.  On September 17th, 2018, -- I'm sorry,
23   2017, the court granted defendant's third motion to continue
24   the pretrial motions deadline to September 29th, 2017.  On
25   October 12th, 2017, the court granted defendant's fourth motion

1   to continue the pretrial motions deadline to October 31st,

2   2017.  On November 14th, 2017, the court granted defendant's

3   fifth motion to continue the pretrial motions deadline to

4   November 14th, 2017.  On that date, defendant filed one motion.

5   On November 20th, 2017, defendant filed a motion to continue

6   the trial which the court granted at a hearing on January 9th,

7   2018.  At that time, the court set the trial for May 29th,

8   2018.  Again, I've heard what counsel has said, but I'll

9   continue with the following.  At this time the case remains set

10  for trial May 29th, 2018.  Miss Sorsby, on your behalf,

11  Mr. Naseem has represented that you would not be ready for

12  trial on that date because additional discovery, documents, and

13  witnesses are necessary to your defense, and many of these

14  resources are located in the country of Turkey.  Defendant

15  represents that she will need to utilize a Mutual Legal

16  Assistance Treaty to obtain subpoenas for overseas witnesses,

17  documents, and witness interviews.  Defendant further

18  represents that letters of rogatory, R O G A T O R Y, may be

19  necessary, and that counsel will need to consult with the

20  Kansas CJA coordinator and the Tenth Circuit case budgeting

21  agent regarding funding restrictions that may apply to a CJA

22  case of this nature.  Counsel represents that working through

23  these issues would take additional time, and it's my

24  understanding that counsel has discussed the potential trial

25  setting of October/November 2018 with the government, and you

1      all ready brought some things out in regards to why this is

2      necessary.  In light of what I've ruled, and I know I've set

3      these dates on out where the court has continued over and over

4      again, and sometimes, Miss Sorsby, I'm not bringing that out to

5      necessarily fault your attorney for what Mr. Naseem's done, but

6      again, the court has an obligation at a certain point -- again,

7      it's a complex case, but we've had time now over these past two

8      years for this case to be in this court's opinion possibly

9      further along than we are.  And the court does believe that

10     there has been consideration given as I set out on the record

11     for the number of continuance requests in regards to not only

12     the motion but also your trial.  Having said that, I'm going to

13     ask counsel in light of what the court has now set out to tell

14     the court why there's again, Mr. Naseem, the need for

15     additional discovery, and again, the timing of making this

16     request at this time.

17          MR. NASEEM:  Your Honor, and perhaps the fault lies

18     with me in being overly optimistic about what I'm able to do in

19     the time-frame that I'm given.  You know, in the intervening

20     time-frame of last fall, we had the David True trial, and that

21     took considerably more time than what I anticipated, and I had

22     to devote resources to that to prepare and get ready for that

23     trial which then prevented, obviously, my ability to get ready

24     for -- for trial in this particular matter, and -- and

25     continuing this matter, I thought, well, I will have more time

1    then obviously to deal with it.  And my schedule in 2018 has

2    just been -- it's been very busy including out of -- out of

3    state travel, and so, I -- I don't want to -- I don't want to

4    have the court believe that the -- the fault for this lies all

5    with Miss Sorsby.  I mean, my schedule has just been very

6    difficult to manage.  And so, that's part of the reason why I

7    haven't had a chance to follow up with Miss Sorsby on some of

8    these issues.  But then in diving down deeper onto them and

9    doing more research, you know, I've discovered there are much

10   more extensive than what I believe -- they require much more

11   time than what I believed would be necessary to gather this

12   evidence, and to be fair, Miss Sorsby has said, you know, we

13   can't just rely on what the government has provided to us in

14   the way of evidence, and that is true, and that rings true for

15   me, and I do believe that defendant is entitled to develop

16   their own case evidence which I have not had a chance to do on

17   her behalf.  We've tried to reach a resolution, which I thought

18   may happen but it didn't, and so, then we are left to try to

19   prepare in this period of time between denial of any further

20   discussions about, you know, a resolution, to May 29th, which

21   leaves us in a shorter position of trying to gather extensive

22   evidence in advance of a May 29th trial setting.  The other

23   issue I think that is necessary to highlight is that

24   although -- and there have been a number of continuances that

25   I've asked for, I was appointed to the case in March of 2017.

1    It is now April of 2018.  So, I've -- I have been on the case

2    for roughly a year, and I know that Miss Sorsby has had, you

3    know, previous counsel, but I just have not had the chance to

4    dive into depth in the time since the case has been indicted in

5    2015 perhaps the way that the government has or perhaps the way

6    that the co-defendant's attorney has since they've been the

7    attorneys of record on this case since the case was initially

8    indicted.  And so, I ask the court's indulgence with respect to

9    the fact that the court is aware that the case is complex, that

10   there are international issues in play, and ultimately, the

11   trial in this matter will be complex, too, and I need more

12   resources to be able to conduct a trial on her behalf, because

13   that is the direction that it is looking right now.  I need

14   additional help from paralegals potentially, investigators, and

15   I -- I will not have the time to do that by May 29th, and which

16   is why I was requesting a status conference with the court so

17   that the court can be satisfied after due diligence on my part

18   through inquiry with both CJA panel coordinator and with Tenth

19   Circuit CBA that this is something that can even happen in

20   terms of what I'm looking to do on evidence and budget

21   considerations, and then we have to make an evaluation at that

22   point based on those factors, but I think to proceed to trial

23   on May 29th leaves Miss Sorsby shy of resources that are

24   necessary to properly defend this case.  In light of the fact

25   that we don't object, obviously, to Doctor Haifawi, the main

1   victim, coming over to testify on May 29th, and details of that

2   interaction to be worked out with the government as we go

3   forward, I think that that alleviates the concern as Mr. Oakley

4   said that possibly a resource would not be available for trial

5   on the government's behalf.  So, having that opportunity to

6   have a -- a question and answer session or cross and direct

7   with Mr. Haifawi I think preserves the record, and can satisfy

8   the court that this additional request for a continuance does

9   not prejudice the government in any material way.  Thank you.

10          THE COURT:  Mr. Oakley, anything else?

11          MR. OAKLEY:  No, Your Honor.

12          THE COURT:  Let me begin in the following manner.

13  Court doesn't really look forward to trying to set things out

14  especially on the record regarding counsel and not moving the

15  case along the way the court thought it should move along, but

16  this is one of those times I thought it was necessary, without

17  trying to be disrespectful to counsel.  In regards to counsel,

18  both the government's attorney, Mr. Oakley, defendant's

19  attorney, Mr. Naseem, it's been my experience that you're

20  both -- both capable attorneys that address your cases in a

21  timely manner based on the circumstances.  And that's still my

22  opinion of what you've done in the past.  I expect that to

23  continue.  In this case, I did set all these deadlines out that

24  had been extended or continued.  I'm hesitant to continue our

25  jury trial only because the court believes there has been time

1    that's been available to address some of these things.  I

2    understand it's a complex case, the fact that it's outside the

3    United States.  Still, parties have been aware of that.  The

4    choices have been made to address this case versus other cases.

5    That's up to counsel.  At this point, I will go ahead and grant

6    the motion to continue the jury trial, but I want to make some

7    things clear, if I need to more than I all ready have, but I

8    guess I have to tell counsel, I do this in the interests of

9    fairness and justice in light of defendant being allowed an

10   opportunity to pursue this further discovery, but I'm going to

11   make clear, that's going to be given some limited latitude by

12   the court in light of the time that's all ready expired and

13   also what the court's rulings have been.  I am going to ask

14   counsel now in regards to this case that this does need to be

15   made a priority possibly in light of your case loads.  I have

16   an obligation to move the case along, and I believe there's

17   been sufficient time, even though I'm granting additional time

18   for that to take place.  So, the court does intend to try this

19   case this year.  So, I mentioned earlier counsel saying that

20   they had talked about a different trial setting if the court

21   were to grant the motion to continue the trial.  Before I go

22   any further, I am going to grant the government's motion to

23   depose the witness.  I think that was Document 87, and

24   that's -- that was a factor in the court's decision to grant

25   defendant's motion to continue the jury trial, the fact that

1    apparently the witness will be available, and as such, the

2    court grants the government's motion.  Is that correct in

3    regards to the trial setting about October/November?

4         MR. NASEEM:  That was our discussion, Your Honor.  We

5    didn't have a particular date.  We didn't know what the court's

6    specific calendar was, but that was our thought process about a

7    time-frame.

8         MR. OAKLEY:  I am open, I am available for trial of

9    this length in that time-frame.

10        THE COURT:  Well, to be clear, when I say this,

11   something could come up, but I'm saying this to be fair to

12   counsel to put you on notice.  The next trial setting is the

13   trial setting.  So, whatever would come up, that's going to be

14   the trial setting, and again, I say that, some kind of

15   emergency extraordinary circumstances, but short of that, this

16   is -- this is the trial setting, Miss Sorsby.  So, there will

17   be no further continuance.  So, you need to be ready for trial,

18   and I'll give you a trial setting in a moment.  Thank you.

19   Sorry.  If the case goes to trial, how long do the parties

20   expect the trial to last?

21        MR. OAKLEY:  Your Honor, I would estimate a week and a

22   half for the government's case.

23        MR. NASEEM:  I believe, Your Honor, if we have

24   evidence to present of our own, that it could be potentially

25   another -- another week on top of that, maybe, so, maybe

1   potentially two -- two weeks, or I'm sorry, not another week on

2   top of that, but two weeks total perhaps.

3         THE COURT:  That helps, so, I'll use that for our

4   scheduling.  Thank you.  Here's the court's proposed schedule.

5   Go ahead and set a jury trial for October 15th at 9 o'clock in

6   the morning, and we'll set aside two weeks for the trial, and

7   we're going to have a James hearing/pretrial hearing on

8   October 9th at 9 o'clock in the morning.  So, that's the

9   schedule unless there's any objection from counsel.

10        MR. OAKLEY:  No, Your Honor.

11        MR. NASEEM:  No, Your Honor.  Thank you.

12        THE COURT:  So, Miss Sorsby, that's your schedule.

13  That's when your trial is going to be set.  One thing I'm going

14  to do, because as you heard me talk about this.

15        THE DEFENDANT:  Yes, Your Honor.

16        THE COURT:  And even counsel, that I want to keep

17  track of our case.  So, I think was mentioned before,

18  Mr. Naseem, about scheduling some kind of status hearing about

19  60 to 90 days.  I believe I'll do that in a shorter time

20  period, because I want to make sure if there's something that

21  comes up, I want to know about it, and that we can address it

22  in order for us to keep our trial schedule.  So, I'll set a

23  date hopefully about 45 days from now.

24        MR. SHAZEEM:  Thank you.

25        MR. OAKLEY:  Your Honor, I'm sorry.  If I may, I think

1   we were set for a pretrial on May 25th.  Perhaps we could use

2   that for a status.

3          MR. NASEEM:  That would be fine, Your Honor.

4          THE COURT:  Appreciate that.  Unfortunately, that

5   date's not going to work now.  Give you two different dates --

6   either June 11th at 9:30 or June 18th at 9:30.

7          MR. OAKLEY:  Your Honor, I prefer June 11th if

8   possible.

9          MR. NASEEM:  That's fine.  Either day is fine for me,

10  Your Honor.  So, June 11th works for me.

11         THE COURT:  And Miss Sorsby, you need to be here,

12  June 11th at 9:30 in the morning.  As far as I know, you've

13  been following all the conditions of your bond.

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  As long as you continue to do that, you

16  can stay on your bond.

17         THE DEFENDANT:  Okay.  Thank you.

18         THE COURT:  But again, you need to be here June 11th

19  at 9:30 in the morning.

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Anything else from the government?

22         MR. OAKLEY:  No, Your Honor.

23         THE COURT:  Anything else from defendant?

24         MR. NASEEM:  No, Your Honor.  Thank you.

25         THE COURT:  If there's nothing else, our hearing's

1    adjourned.  Thank you.

2              THE DEFENDANT:  Thank you.

3         (Whereupon, court recessed proceedings.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                          C E R T I F I C A T E

3

4

5       I, Nancy Moroney Wiss, a Certified Shorthand Reporter and

6    the regularly appointed, qualified and acting official reporter

7    of the United States District Court for the District of Kansas,

8    do hereby certify that as such official reporter, I was present

9    at and reported in machine shorthand the above and foregoing

10   proceedings.

11      I further certify that the foregoing transcript, consisting

12   of 28 typewritten pages, is a full, true, and correct

13   reproduction of my shorthand notes as reflected by this

14   transcript.

15      SIGNED June 29, 2020.

16

17                   S/_____

18                   Nancy Moroney Wiss, CSR, CM, FCRR

19

20

21

22

23

24

25