## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                  Case No. 15-20052-02-JWL
                                         20-2350-JWL

Laura Lee Sorsby,

        Defendant.

## MEMORANDUM AND ORDER

In October 2018, defendant Laura Lee Sorsby entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Under that agreement, defendant pleaded guilty to misprision of a felony[1] in violation of 18 U.S.C. § 4 and the parties agreed that, contingent on the district court's acceptance of the plea agreement, defendant would be sentenced to a 24-month term of imprisonment.  The plea agreement also contained an appeal waiver.  The district court assigned to this case at the time accepted the parties' plea agreement and sentenced defendant to a 24-month term of imprisonment followed by a one-year term of supervised release and restitution in the amount of $8,362,200.  Defendant did not file an appeal.

This matter is now before the court on defendant's pro se motion to vacate under 28 U.S.C. § 2255 (doc. 180).  As will be explained, all claims set forth in the motion are retained under

---

[1] As summarized by the magistrate judge at the change of plea hearing, defendant was essentially charged with having knowledge of a commission of a felony, specifically wire fraud; concealing that felony; and failing to make it known in a timely manner to the proper authorities.

advisement pending resolution of defendant's claim that her counsel failed to file an appeal despite her specific request that he do so.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470 477 (2000). Thus, a defendant who shows that her counsel failed to file a notice of appeal despite specific instructions to do so satisfies the deficient-performance prong of *Strickland*. Moreover, "if counsel does not file a requested appeal, a defendant is entitled to [a new] appeal without a showing that his appeal likely would have had merit." *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005) (quotations omitted).  Defendant asserts in her motion that she "made it known that she wanted an appeal filed" but that her counsel told her "No, you have no rights." Counsel has filed an affidavit indicating that defendant "never indicated her desire to appeal" and that he would never tell a client that they do not have a right to appeal.  In reply, defendant reiterates that she "asked [her counsel] to make an appeal after her sentencing."

The Tenth Circuit's decision in *Garrett* addressed the question of "whether counsel for defendant was ineffective for failing to file a Notice of Appeal where defendant had knowingly and willingly waived his right to appeal in a plea agreement." *Id*. at 1264. In resolving that question, the Circuit began by reviewing the Supreme Court's decision in *Flores–Ortega*, in which the Court held that a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable and that, in such circumstances, a defendant is entitled to appeal without a showing that his appeal likely would have had merit.  *Id*. at 1265 (citing *Flores–Ortega*, 528 U.S. at 477–78).  The Circuit then examined the waiver executed by the defendant and noted that while the defendant's appellate rights had been

"significantly limited" by his waiver, the waiver did not foreclose all appellate review of his sentence. *Id*. at 1266–67.  The Circuit thus held that if the defendant actually asked his counsel to perfect an appeal and his counsel ignored his request, he would be entitled to a delayed appeal "regardless of whether . . . it appears that the appeal will not have any merit." *Id*. at 1267; *accord United States v. Snitz*, 342 F.3d 1154, 1157 (10th Cir. 2003) (when courts find that a requested appeal has not been taken, they do not consider the merits of arguments that the defendant might have made on appeal).  Finally, the Circuit explained that any resulting criminal appeal would initially be evaluated in light of the defendant's waiver. *Garrett*, 402 F.3d at 1267. Ultimately, then, the Circuit remanded the case for a hearing to determine whether the defendant requested counsel to file a notice of appeal. *Id*.; *see also Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) (*Flores-Ortega*'s presumption of prejudice applies despite appeal waiver).

The court cannot discern from the record whether defendant in fact expressly instructed her counsel to file an appeal and whether any such request was made in a timely fashion.  While she suggests in her motion that she made an express request, her motion is not signed under penalty of perjury and there is no indication about when she made such a request.  The court, then, concludes that the appropriate course of action at this juncture is to appoint counsel to represent defendant with respect to this claim and to confirm, in the first instance, whether defendant in fact expressly instructed her counsel to file an appeal, whether any request was timely made, and whether she is prepared to testify to those facts under oath.  If so, then the court will conduct an evidentiary hearing for the limited purpose of resolving the factual dispute underlying the claim. *See* 28 U.S.C. § 2255(b) (requiring an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").  By separate order,

3

the court will appoint counsel for defendant; will establish a deadline for defendant to communicate her intent to proceed with an evidentiary hearing; and will schedule an evidentiary hearing to the extent defendant intends to proceed with that hearing.

If the court ultimately concludes that defendant is entitled to a delayed direct appeal and defendant files an appeal, the court will dismiss the remaining claims in defendant's § 2255 petition without prejudice to refiling, if appropriate, after the resolution of her appeal. *See United States v. Scott*, 124 F.3d 1328, 1329-30 (10th Cir. 1997) (a § 2255 motion should not be considered before the disposition of the direct criminal appeal; because of the unique situation presented when the granting of a § 2255 motion reinstates the right to a direct appeal, the first subsequent § 2255 motion is not a second or successive motion under AEDPA).  If the court concludes that defendant is not entitled to a delayed direct appeal (or if the court decides that defendant is entitled to file an appeal but defendant decides not to pursue an appeal), the court will resolve the remaining claims presented in defendant's § 2255 motion at that juncture.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to vacate under 28 U.S.C. § 2255 (doc. 180) is retained under advisement.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

4